PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan in a Prosecution for Assault and Battery.

No. 1902.—Decided May 22, 1922.

DISTRICT COURT OF SAN JUAN—JURISDICTION.—Considering the construction given to Act No. 41 of 1921, the fact that the Second District Court of San Juan has its headquarters in San Juan, or outside of the particular territory assigned to it by law, does not deprive it of jurisdiction of prosecutions for crimes committed within the said particular territory.

The facts are stated in the opinion.
*Mr. A. Dones Padró* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Tomás Rivera was charged in the Municipal Court of Río Piedras with the commission of the crime of aggravated assault and battery and was convicted. He appealed to the

Second District Court of San Juan. After the appeal had been filed the 16th of November, 1921, was set for the trial *de novo*. On that date the defendant-appellant made a motion based on Act No. 41 of 1921, alleging that as the court was sitting in the city of San Juan, it was improperly located and without jurisdiction of the case.

Río Piedras, where the crime was committed, was assigned to the Second District Court of San Juan, but San Juan, where the court was sitting, was assigned to the First District Court of San Juan. The court overruled the motion and after a trial the defendant was convicted and sentenced to one year's imprisonment.

Rivera then appealed to this court and stated at the hearing on the appeal that the only fundamental question involved in the case was that of the seat of the court in which he was tried.

Can the Second District Court of San Juan sit at San Juan? In our opinion it can.

In the opinion delivered today as a basis of the judgments rendered in certiorari cases Nos. 349 and 350 we expressed our impressions with regard to the construction that should be given to Act No. 41 of 1921. In the said cases the transfer of civil cases was involved. Here we are considering the right asserted by a defendant in a criminal cause to be tried within the district in which the crime was committed.

The Sixth Amendment to the Constitution of the United States prescribes that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."

Our Organic Act confers upon a defendant the right to a speedy and public trial, but it says nothing expressly about the district.

Section 8 of our Code of Criminal Procedure, however,

provides that "the jurisdiction of an offense shall be in the district court of the district where the offense has been committed."

The Sixth Amendment is not in force in Porto Rico and if it were it would apply to federal cases. The Organic Act is silent on the point under consideration. That being the case, perhaps the Legislature may have had full power to fix the seat or capital of the Second District Court of San Juan outside of the geographical boundaries of the district, although the old district had been abolished and two districts had been created instead. But this is not the case here. We have construed the law as meaning that notwithstanding the two independent courts newly created, the original judicial district was left as it was and, therefore, there is nothing in the Act contrary to the Sixth Amendment, to the Organic Act even giving the word "public" used therein the greatest scope possible, or to the Code of Criminal Procedure. The appellant was tried before the competent district court and within the judicial district where the crime was committed. For a study of the power of the Legislature see the case of *Barret* v. *United States,* 169 U. S. 218, and the notes in 7 L. R. A. (N. S.), and L. R. A. 1918 F, 965.

Besides, we wish to say that in our opinion there is no fear that the idea of vicinity familiar to criminal law will be affected by the fact that the seat of both courts is the city of San Juan. Never was any of the municipalities now assigned to the second district made the seat of a district court during the present sovereignty or of a court of first instance during the former regime. Tradition makes San Juan the seat of the court. The distance between San Juan and the municipalities of the second district is short and can be covered in a few hours.

By virtue of all the foregoing we are of the opinion that the Second District Court of San Juan, sitting in the city

of San Juan, tried and convicted the appellant with full jurisdiction and, therefore, the judgment appealed from must be

*Affirmed.*

Justices Aldrey and Franco Soto concurred.

Mr. Justice Hutchison concurred in the judgment.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

I dissent for the reasons indicated in my opinion in *Ex parte Rivera*, No. 77, and as further indicated in *Toro Labarthe* v. *Rodríguez Serra, Judge,* Certiorari, No. 349.